UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bobby Bunnells, Jr., )<br><br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden, Edgefield Satellite Prison Camp, )<br>)<br>Respondents. )<br>_____ ) | C/A No.: 4:09-2083-MBS-TER<br><br>REPORT AND RECOMMENDATION |

Petitioner, pro se, filed this habeas petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 10, 2009, challenging the BOP's determination regarding the time period for his placement in a Residential Reentry Center ("RRC").[1] Petitioner is currently located at the Edgefield Satellite Camp. This matter comes before the court on petitioner's motion for a preliminary injunction.[2] (Doc. #2). Petitioner contends that the BOP's decision regarding his RRC placement violates the Second Chance Act of 2007. Specifically, petitioner seeks to enjoin the "Warden, Edgefield Satellite Prison Camp, from following the "guidance" of the April 14, 2008, memorandum for Chief Executive officers. . .specifically page four (4), Section III, Paragraph (D)." This paragraph requires approval by the regional director for pre-release community placement beyond six months. (Doc. #2). Petitioner requests that the court grant injunctive relief and "require the Warden to reconsider the Petitioner for maximum CCC [RRC] placement in accordance with the

---

[1] Also referred to by petitioner as Community Confinement Center (CCC).

[2] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Second Chance Act, and without regard to the April 14, 2008, November 14, 2008, and the scale based on sentence length." Id. Respondent filed a response in opposition.

"Preliminary injunctions are not to be granted automatically." Wetzel v. Edwards 635 F.2d 283, 286 (4th Cir.1980). They are extraordinary remedies afforded prior to trial at the discretion of the district court. The Fourth Circuit recently held that in light of the Supreme Court decision in Winter v. Natural Resources Defense Council, Inc., --- U.S. ----, ---- - ----, 129 S.Ct. 365, 374-76, 172 L.Ed.2d 249 (2008), "the Blackwelder balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit, as the standard articulated in Winter governs the issuance of preliminary injunctions not only in the Fourth Circuit but in all federal courts." Real Truth About Obama, Inc. v. Federal Election Com'n, 2009 WL 2408735, at *4 (4th Cir. Aug.5, 2009).

Therefore, pursuant to Winter, plaintiff remains unable to demonstrate the appropriateness of the granting of a preliminary injunction. Under the Winter standard, plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter, 129 S.Ct. at 374. All four requirements must be met. Id.

In this action, petitioner has not demonstrated a clear likelihood of success on the merits. The Second Chance Act does not entitle petitioner to satisfy part of his sentence in community or home confinement. See Broadbent v. Mitchell, 2009 WL 3698131 (D.S.C.) *citing* Miller v. Lappin, No. 7:09CV00012, 2009 WL 166873 (W.D.Va. Jan.26, 2009) (unpublished);*quoting*, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (3d Cir.2005) (noting that the fact "that the BOP may assign a prisoner to a CCC does not mean that it must").

2

Additionally, petitioner seeks to enjoin the respondent from following a paragraph in a memorandum that requires the regional director's approval for pre-release placement in excess of six months. In the response, respondent asserts that petitioner has been approved for placement in an RRC on "February 2, 2010, on top of the 192 days of anticipated good time."

Significantly, petitioner also cannot justify the public harm that would occur if the court were to usurp BOP's decision making regarding community placement. See Real Truth, 575 F.3d 342, 2009 WL 2408735 at *3 (discussing the importance of the public interest requirement). Congress has vested BOP with the authority to determine the parameters of pre-release community confinement, such as location and duration. See 18 U.S.C. § 3624(c); 28 C.F.R. §§ 570.20-.22. Further, the Supreme Court has repeatedly stressed the need to provide wide-ranging deference to prison administrators in matters of prison management. Beard v. Banks, 548 U.S. 521, 528, 126 S.Ct. 2572, 165 L.Ed.2d 697(2006); Overton v. Bazzetta, 539 U.S. 126, 131-32, 123 S.Ct. 2162, 156 L.Ed.2d 162 (2003).

As plaintiff has failed to meet all four requirements of the above standard, it is recommended that petitioner's motion for a preliminary injunction (doc. #2) be DENIED.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 1, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**