IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Bobby Bunnells, Jr., ) | |
| ) | C/A No. 4:09-2083-MBS-TER |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Warden, Edgefield Satellite Prison Camp, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Bobby Bunnells, Jr., is an inmate in custody of the Federal Bureau of Prisons (BOP). Petitioner, proceeding pro se, brought this action on August 10, 2009, challenging the BOP's determination regarding the time period for his placement in a Residential Reentry Center. Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Thomas E. Rogers, III for pretrial handling.

This matter is before the court on motion for preliminary injunction filed by Petitioner on August 10, 2009 (Entry 2). Respondent filed a response in opposition to Petitioner's motion on November 20, 2009. On December 1, 2009, the Magistrate Judge issued a Report and Recommendation in which he recommended that Plaintiff's motion for preliminary injunction be denied. Plaintiff filed no objections to the Report and Recommendation. However, on December 14, 2009, Petitioner filed a reply to Respondent's response in opposition to Petitioner's motion.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the

Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the Report, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

The Magistrate Judge determined that Petitioner had failed to meet all four requirements set forth in Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365 (2008) (holding that to obtain injunctive relief, a plaintiff must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of relief; (3) the balance of equities tips in his favor, and (4) injunctive relief is in the public interest). Specifically, the Magistrate Judge found that Petitioner had not demonstrated a clear likelihood of success on the merits or justified the public harm that would occur were the court to issue an injunction.

As the Magistrate Judge noted, a plaintiff faces a stringent test to prevail on a prayer for injunctive relief. A plaintiff must make a clear showing that he will likely succeed on the merits at trial and that he is likely to be irreparably harmed absent preliminary relief. Real Truth About Obama, Inc. v. Fed. Election Comm'n, 575 F.3d 342, 346-47 (4th Cir. 2009) (citing Winter, 129 S. Ct. at 374-76). In addition, the court must pay particular regard for the public consequences in employing the extraordinary remedy of injunction. Id. at 347 (quoting Winter, 129 S. Ct. at 376-77). In the court's view, Petitioner has not met his burden Petitioner's motion for injunctive relief is **denied.** The within action is recommitted to the Magistrate Judge for further pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
January 13, 2010