UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bobby Bunnells, Jr., ) | C/A No.: 4:09-2083-MBS-TER |
| ) | |
| Petitioner, ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| ) | |
| Warden, Edgefield Satellite Prison Camp, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Petitioner, pro se, filed this habeas petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [1] on August 10, 2009, challenging the BOP's determination regarding the time period for his placement in a Community Corrections Center (CCC) (now known as "Residential Reentry Center" or "RRC").[2]

On October 20, 2009, respondent filed a Motion for Summary Judgment along with a memorandum and affidavits in support. (Doc. #9) The undersigned issued an Order filed October

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

[2] Residential Reentry Center or RRC is another term for the facilities commonly known as "half-way houses" and previously commonly referenced as "Community Correction Centers." On March 31, 2006, the BOP Executive Staff approved changing the name from "Community Corrections Center" ("CCC") to "Residential Reentry Center" ("RRC") to provide a clearer description of the services and programs offered, to associate community based programs with other reentry initiatives being implemented around the country, and to clearly differentiate community-based programs from correctional facilities. See Carrillo v. Warden Edgefield Satellite Prison Camp, 2010 WL 2232127 (D.S.C. May 11, 2010).

23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. Petitioner filed a response in opposition on November 2, 2009.

## I.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the

2

movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## II. ARGUMENT/DISCUSSION

Petitioner filed this action pursuant to 28 U.S.C. §2241 asserting that the BOP's decision regarding his RRC placement violates the Second Chance Act of 2007. Petitioner requests that this court "find that Petition has an immediate eligibility for confinement in a[n] CCC" and find that respondent violated 18 U.S.C. 3624(c) by denying sufficient time in an CCC to ensure successful reintegration into a community. (Petition).

In the memorandum in support of summary judgment, respondent attached the affidavit of Pamela W. Justice, Case Manager with the BOP facility known as the Federal Correctional Institution, Edgefield, South Carolina, and currently assigned to the satellite prison camp. (Doc. #9-3). Pamela Justice attests that plaintiff had been approved for a 180-day RRC placement and "is currently scheduled to release to an RRC on February 10, 2010." (Id.). Therefore, an Order was issued on June 25, 2010, giving the parties five (5) days from the date of said order to inform the court of the status of petitioner's custody. (Doc. #25).

Respondent filed a response to the court's Order of June 25, 2010, asserting that this matter is now moot as petitioner was placed in a Residential Re-entry Center (RRC) on February 10, 2010, and then placed on home confinement March 15, 2010. (See respondent's exhibit A, Inmate Locator

3

Service). The projected release date from service of his term is August 8, 2010. (Doc. #9-1).

The Court's Order of June 25, 2010, was returned to the Clerk of Court's office *via* United States Postal Service on July 6, 2010, marked "Return to Sender." (Doc. #26). Petitioner did not file a response to the Order and has not made any filings with the court since December 14, 2009. Petitioner has failed to inform the court in writing of an address change pursuant to the Order of August 31, 2009.

Based on the documents filed with the court, it appears petitioner has received the relief he was seeking, release to an RRC. As petitioner has been released to an RRC, the relief he was seeking in this petition is moot. Therefore, it is recommended that this petition be dismissed as MOOT.

### III. CONCLUSION

Based on the reasons set out above, it is RECOMMENDED that the petition be dismissed as MOOT.[3]

---

[3] In the alternative, it is recommended that respondent's motion for summary judgment be granted as petitioner failed to exhaust his administrative remedies. The BOP regulations set forth a three-tiered process for an inmate to seek redress for the alleged deprivation of any right. *See* 28 C.F.R. § 542.10. Administrative exhaustion is required prior to a § 2241 challenge to computation of a sentence and application of credit. Chua Han Mow v. United States, 730 F.2d 1308 (9th Cir. 1984), *cert. denied*, 470 U.S. 1031 (1985). When a federal prisoner fails to exhaust administrative remedies and thereby loses the opportunity to do so, his claims will be deemed procedurally defaulted in a § 2241 proceeding. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996). Although 28 U.S.C. § 2241 does not have an express exhaustion requirement, federal courts have held that available remedies must be exhausted in § 2241 cases. *See* Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973)(exhaustion required under 28 U.S.C. § 2241; and Moore v. De Young, 515 F.2d 437, 442-443 (3rd Cir.1975) (exhaustion required under 28 U.S.C. § 2241).

In his petition, petitioner asserts that it would be futile to require petitioner to exhaust the administrative remedies. In the petition, petitioner stated that "Petitioner has not exhausted the Administrative Remedy Process . . . the General Counsel has already opined as to the duration of CCC placement and is biased on the subject. . ." (Petition, p. 7).

                                                             Respectfully Submitted,

                                                             s/Thomas E. Rogers, III
                                                             Thomas E. Rogers, III
                                                             United States Magistrate Judge

July 7, 2010
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

      Defendants submitted the affidavit of Roy Lathrop who attests he is employed as a Paralegal Specialist for the United Sates Department of Justice, Federal Bureau of Prisons (BOP), South Carolina Consolidated Legal Center (SCCLC) located at the Federal Correctional Institution (FCI) Edgefield, South Carolina. (Lathrop's affidavit, doc. #9-2). Included in his official duties is the responsibility of researching logs and records maintained by the BOP concerning administrative remedies. (Id.). Lathrop conducted a search of the administrative remedy records maintained by the BOP which revealed that plaintiff has not exhausted the BOP's administrative remedy process regarding his challenge to the BOP's decision regarding the length of his Residential Reentry Center placement. (Id.). There is no evidence whatsoever that plaintiff attempted to file his grievance at any level of the BOP's administrative remedy program. (Id.).